UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMBER SOURCE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9239** |
| **CAHABA VALLEY TIMBER CO., INC., CAHABA VALLEY LUMBER, INC., CAHABA VALLEY MULCH, INC., GEORGE N. YOCUM AND JAMES YOCUM, SR.** | **SECTION T** |

## ORDER AND REASONS

Before the Court is the Defendants' Motion to Compel Arbitration and Motion to Stay Proceedings Pending Arbitration [Rec. Doc. No. 38]. For the reasons that follow, the motions are **DENIED**.

### I.    FACTUAL BACKGROUND

Plaintiff Timber Source, LLC ("Timber Source") is a "timber supplier who arranges for the importation of marine cargo and makes arrangements for the shipment inland, including arrangement of port fees, freight costs, documentation and freight handling." *See* Rec. Doc. No.1, ¶8. Defendant Cahaba Valley Timber Company, Inc. ("Cahaba Valley") is "the operator of a lumber company in Alabama and is the purchaser of lumber acquired by [Timber Source]." *Id.* at ¶9.

Defendant Cahaba Valley filed this Motion to Compel Arbitration claiming that the Plaintiff, Timber Source, agreed to arbitrate all of its claims against the Defendant in this action by assenting to the terms of the Purchase Contract. The facts giving rise to the underlying suit are as follows.

Plaintiff Timber Source alleges that it entered into a "Purchase Contract" with Defendant Cahaba Timber on or about February 1, 2005. *See Id.* at ¶12; Rec. Doc. No. 41-2. Plaintiff further

alleges that under the terms of this Purchase Contract, Plaintiff was "to purchase a minimum of 61,056,000 board feet of precision cut and kiln dried pine lumber in certain dimensions" within a 36-month period, and "to provide for the delivery of the lumber to a United States port and arrange for cargo insurance and cost of freight at the port." *Id*.

Plaintiff Timber Source further alleges that while it has complied with the terms of this contract, Defendant Cahaba Timber "has not complied with the terms of the Purchase Contract and has not provided payment as detailed in the Purchase Contract." *See Id.* at ¶14-15. Because of this alleged non-compliance, Plaintiff Timber Source has suffered damages including "compensatory damages for the value of the lumber, loss of profit, and costs of freight forwarding, including insurance, freight handling and documentation," and "damages for non-pecuniary loss." *See Id.* at ¶16. Plaintiff Timber Source sues Cahaba Valley for breach of contract. *Id.* at ¶23.

Defendant Cahaba Valley moves to Compel Arbitration under the non-binding arbitration provision set forth in the Purchase Contract which is the basis of this suit. *See* Rec. Doc. No. 41-2. The aforementioned provision in ¶8 (C) reads as follows:

> Should any dispute arise in good faith under this Contract, both parties undertake to attempt to resolve the dispute in good faith. In the event that the parties cannot reach and agreement within Thirty, (30), calendar days of the date of the dispute, the matter will be referred to a Louisiana Arbitrator. *If both parties do not accept the non-binding arbitration, the matter will then be referred to a Louisiana Court as applicable.*

*Id*. at ¶8 (C)(emphasis added).

## II.    Choice of Law

The contract and disputes arising therefrom are to be construed and governed by Louisiana Law. The parties decided that Louisiana state law would apply when they agreed to the following: "This Contract shall be construed and governed by the Laws of the United States and otherwise

2

under the *laws of the State of Louisiana*, except for its conflict of law provisions." (It is noteworthy that no such conflict of law provisions were stated in the contract.) Rec. Doc. No. 41-2. at ¶8 (B)(emphasis added). Interpreting this language in the context of the contract as a whole, the Court finds that the parties will be applying domestic law (as opposed to foreign law) and specifically the law of the state of Louisiana. Accordingly, this Court will apply Louisiana law governing arbitration disputes.

**III.    Law and Analysis**

    **A. Fifth Circuit's *McKee* Decision**

Under Louisiana law, an agreement to non-binding arbitration is not an agreement to arbitrate. *McKee v. Home Builders Warranty Corp.*, 45 F.3d 981, 985 (5th Cir. 1995). While the state of Louisiana does recognize arbitration as a valid procedure for alternative dispute resolution, courts have interpreted the scope of LSA-R.S. 9:4201, Louisiana's arbitration statute, to include only "binding" arbitration agreements. As stated by the Firth Circuit Court of Appeals when addressing this exact issue:

> [P]arties could not have agreed to non-binding "arbitration" in a contract subject to Louisiana Arbitration Law because arbitration is by definition a binding procedure under that law.
>     Arbitration is binding only if a court may enter judgment on the award made pursuant to the arbitration. . . . *Thus, under Louisiana Arbitration Law, if the parties agreed to a non-binding procedure, they did not agree to arbitration.*

*McKee,* 45 F.3d at 985. (emphasis added).

    **B. Subsequent Legislative Changes**

Legislative actions after *McKee* buttress the Plaintiff's claim that "non-binding" arbitration is not an agreement to arbitrate in the state of Louisiana. Subsequent to the Fifth Circuit's decision in *McKee*, the section heading of LSA-R.S. 9:4201 was changed from "Louisiana Arbitration Law"

to "Louisiana *Binding* Arbitration Law" indicating the state's intent to clarify this very issue. (emphasis added). Additionally, a new Chapter 1 of the Code Title XIX of Code Book III of Title 9 was added describing the state's non-binding "Louisiana Mediation Act." The new title of the arbitration statute indicating its necessarily binding nature and the addition of Chapter 1's "Mediation Act" provisions indicate that "non-binding" arbitration does not exist under Louisiana law. Consequently, an agreement to submit to non-binding arbitration is not an agreement to arbitrate.

In sum, because the parties have agreed to a "non-binding" procedure, they have not agreed to arbitrate because arbitration by definition is a binding procedure.

Accordingly, the Defendant's Motion to Compel Arbitration is **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**